**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2011

No. 11-60037
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN JOSEPH MAILLET,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CR-60-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

John Joseph Maillet appeals his conviction for producing child pornography. He argues that the district court erred in denying his motion to withdraw his guilty plea. We review the district court's ruling for an abuse of discretion. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

Based on our analysis pursuant to *United States v. Carr*, 40 F.2d 339, 343-44 (5th Cir. 1984), we conclude, for the reasons that follow, that the district court did not abuse its discretion in denying Maillet's motion to withdraw his guilty

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea: Maillet has not asserted that he is actually innocent of the charge of producing child pornography; Maillet's motion was not promptly filed; the record supports the conclusion that Maillet received close assistance of counsel and, additionally, that his plea was knowing and voluntary; and, as Maillet failed to demonstrate a fair and just reason for withdrawal of his plea, *see* FED. R. CRIM. P. 11(d)(2)(B), resetting the case for trial would have unnecessarily inconvenienced the district court and wasted judicial resources. Although withdrawal of the plea would not have prejudiced the Government, the absence of such as showing, alone, is insufficient to mandate permission to withdraw a plea where, as here, a credible reason has not been proffered. *See Carr*, 740 F.2d at 345.

Maillet additionally argues that his conviction exceeds Congress's power to legislate under the Commerce Clause. Maillet's constitutional challenge to the statute of conviction, however, is barred by his knowing and voluntary appeal waiver. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

AFFIRMED.